UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOEL HUFFMAN,                           :
      Plaintiff                         :        No. 3:14-cv-0595
                                        :
v.                                      :        (Judge Nealon)
                                        :
UNITED STATES OF AMERICA,               :
      Defendant                         :

# MEMORANDUM

Plaintiff, Joel Huffman, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the above captioned pro se complaint asserting a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and 18 U.S.C. § 4042. The United States of America is the only named Defendant. (Doc. 1). Plaintiff alleges that Defendant negligently discontinued Plaintiff's mental health medication, which caused him to suffer injuries. (Id. at p. 3). He demands, inter alia, to be placed back on his medication. (Id. at p. 4). Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), (6), or, alternatively, for summary judgment under Rule 56(a). (Doc. 11). Defendant asserts that its motion should be granted because: (1) Plaintiff did not exhaust his administrative remedies prior to commencing his action; and (2) the complaint fails to state a claim for negligence under the FTCA. (Doc. 12 at pp. 6-7, 11, 16). The motion is

now ripe for disposition, and for the reasons set forth below, Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted.[1]

## I.   Procedural Background

On March 31, 2014, Plaintiff filed the instant action alleging that he suffered injuries as the result of Defendant's negligent discontinuance of his mental health medication, specifically Divalproex. (Doc. 1, pp. 3-4). Plaintiff advances his negligence claim under the FTCA and 18 U.S.C. § 4042. (Id.). He requests the following in relief: (1) a full investigation of the medical department at USP-Lewisburg; (2) $12,000.00 in damages; (3) that Plaintiff be placed back on his medication; (4) costs of the litigation; and (5) an injunctive order to ensure there is no retaliation against Plaintiff for filing this action. (Id. at p. 4).

On April 8, 2014, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 4). The motion was granted on April 15, 2014. (Doc. 6). On July 28, 2014, Defendant filed a motion to dismiss, or in the alternative for summary judgment. (Doc. 11). On August 11, 2014, Defendant filed a brief in support and statement of material facts. (Docs. 12, 13). On August 20, 2014, Plaintiff filed notice of his

---

1. Consequently, Defendant's alternative argument for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Rule 56(a), will not be addressed.

intent to withdraw his claim. (Doc. 14).[2] However, on September 4, 2014, he filed a motion for an extension of time to file his brief in opposition to Defendant's motion. (Doc. 15). On October 20, 2014, Plaintiff's motion was granted, and he was given until November 3, 2014, to file an opposition brief. (Doc. 16). To date, Plaintiff has not filed an opposition to Defendant's motion.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b) "enumerates several potential bases for dismissal of an action...." Advanced Fluid Sys., Inc. v. Huber, 2014 U.S. Dist. LEXIS 62799, *13-14 (M.D. Pa. May 7, 2014) (Conner, J.) (citing FED. R. CIV. P. 12(b)). "When a motion to dismiss is based on both lack of jurisdiction and another Rule 12(b) ground, constitutional concerns regarding the scope of judicial power dictate that the court first address the issue of jurisdiction." Id. at *14 (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-95, 101-02, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a party with

---

2. Plaintiff's notice states that he does not want anything to do with this action due "to being threaten[ed] and harassed by certain Lewisburg officials...." (Doc. 14). Accordingly, this Court did not consider Plaintiff's request to dismiss voluntary or on proper terms. See FED. R. CIV. P. 41(a).

3

the ability to challenge a court's subject-matter jurisdiction. "A district court has to first determine...whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party v. Aichele, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing In re Schering-Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court...." Id. at 358. A facial attack "contests the sufficiency of the pleadings...." In re Schering-Plough Corp. Intron, 678 F.3d at 243. When a district court reviews a facial attack it "'must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Id. (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Id. A court's review of a facial attack is "in marked contrast" to the standard applied to a factual attack. Aichele, 757 F.3d at 358 (citing Gould Elecs. Inc., 220 F.3d at 176).

A factual attack under Rule 12(b)(1) asserts "that there is no subject matter

jurisdiction because the facts of the case–and here the District Court may look beyond the pleadings to ascertain the facts–do not support the asserted jurisdiction." Id. A factual attack "concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." Id. (citing CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)). A factual challenge contends that "the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges, as factual challenges are subject to different standards." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Unlike the standard applied in a facial attack, which limits a district court's considerations to the complaint and its attachments, a district court "may weigh and 'consider evidence outside the pleadings'" when reviewing a factual attack. Id. (quoting Gould Elecs. Inc., 220 F.3d at 176). "If the defendant submits and the court considers evidence that controverts the plaintiff's allegations, the motion must be treated as a factual challenge under Rule 12(b)(1)." Lancia v. United States, 2007 U.S. Dist. LEXIS 74338, *5-6 (M.D. Pa. 2007) (Caputo, J.) (citing Gould Elecs. Inc., 220 F.3d at 178); see Mortensen, 549 F.2d at 891. Moreover, when a district court considers a factual challenge "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed

5

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891.

When presented with a Rule 12(b)(1) motion, plaintiff "'will have the burden of proof that jurisdiction does in fact exist.'" Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen, 549 F.2d at 891); see Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.") (citing Mortensen, 549 F.2d at 891). A motion to dismiss pursuant to Rule 12(b)(1) should be granted only if it "appears with certainty that assertion of jurisdiction would be improper." Advanced Fluid Sys., Inc., 2014 U.S. Dist. LEXIS 62799, *15 (citing Gould Elecs. Inc., 220 F.3d at 178; Kehr Packages, Inc., 926 F.2d at 1408-09; Tolan, 176 F.R.D. at 509).

### III. Statement of Facts

Defendant filed a twenty-eight (28) page statement of material facts containing one-hundred and fifty-seven (157) individually numbered paragraphs. (Doc. 13). Plaintiff has not filed an opposition to Defendant's statement of material facts. This Court has reviewed the record and found the following:

Plaintiff was first incarcerated at USP-Lewisburg from August 16, 2010, through May 13, 2013. (Doc. 13, Ex. 2 at p. 2, Attch. B at p. 1). He was then

released on a federal writ. (Id.). Plaintiff was reassigned to USP-Lewisburg on March 11, 2014, which is where he is currently incarcerated. (Doc. 1, p. 2; Doc. 13, p. 1, Ex. 2 at pp. 1-2, Attach. B at p. 1).

Plaintiff suffers from a number of mental health issues. (Doc. 1, p. 3; Doc. 13, pp. 2-9, 12-14, 27-28). Specifically, he has been diagnosed with, inter alia, an impulse control disorder, malingering (Axis I), exhibitionism (Axis I), borderline personality disorder (Axis II), and antisocial personality disorder (Axis II). (Doc. 1, p. 3; Doc. 13, pp. 18, 21-22). Plaintiff has also complained of auditory hallucinations, (Doc. 13, pp. 8, 9, 10, 12, 17), and performed self-mutilation. (Doc. 13, pp. 7, 9, 27).

Plaintiff has been prescribed a number of medications as a means to mitigate the effects of his mental health issues. (Doc. 1, p. 3; Doc. 13, pp. 2, 4-17). Specifically, on January 13, 2013, he was prescribed Divalproex. (Doc. 1, p. 3; Doc. 13, p. 2). On April 24, 2013, that prescription was discontinued due to Plaintiff's non-compliance. (Id.). On April 25, 2013, he was found to be medically stable off all psychiatric medications. (Doc. 12, p. 3).

On May 13, 2013, Plaintiff was released on a federal writ, and transferred from USP-Lewisburg. A review of Plaintiff's mental health records that were generated during his release on a federal writ show a number of mental health

medications being prescribed, modified, and discontinued. (Doc. 13, pp. 2, 4-17).

On March 11, 2014, Plaintiff was transferred back to USP-Lewisburg with multiple prescriptions for mental health and neurologic issues. (Id. at pp. 16-17). Upon his return, USP-Lewisburg's clinical director, Kevin Pigos, M.D., reviewed Plaintiff's mental health charts. (Id. at p. 17). Dr. Pigos not only found that Plaintiff's behavior was goal directed and continued to worsen, but that his medication failed to successfully treat his impulse control disorder. (Id. at p. 18). As a result, Dr. Pigos discontinued Plaintiff's mental health and neurologic prescriptions, specifically his prescriptions for gabapentin, risperidone, sertaline hcl, and trazodone. (Id.). Plaintiff's behavior has improved since being taken off his mental health medications. (Id. at pp. 19, 20-22, 24-26, Ex. 3 at p. 2). He has made a number of requests to be placed back on medication and exhibited medication seeking behavior. (Id. at pp. 23, 26, 27). These requests were denied because Plaintiff was not clinically depressed, and there is no medication that can help his impulse control, borderline personality or antisocial personality disorders. (Id. at pp. 23-24).

The Bureau of Prisons ("BOP") has a three-tier administrative remedy procedure available to inmates who "seek formal review of an issue relating to any aspect of his/her own confinement." Johnson v. Scism, 2011 U.S. Dist. LEXIS

34301, *4-5 (M.D. Pa. 2011) (Nealon, J.) (citing 28 C.F.R. § 542.10(a)).  The BOP also has a procedure pursuant to the FTCA under which an inmate may file a claim for money damages for personal injury or death and/or damage to or loss of property.  See 28 C.F.R. §§ 543.30-543.32.  On July 3, 2014, a search was conducted by K. Klett ("Klett"), an Attorney-Advisor for the United States Department of Justice, BOP at the Consolidated Legal Center-Allenwood, for administrative tort claims filed by Plaintiff.  (Doc. 12, Ex. A, p. 2, Doc. 13 at p. 1).  The records from this search show that Plaintiff has not filed any tort claims since his incarceration.  (Id.).

**IV.   Discussion**

Defendant seeks to dismiss Plaintiff's complaint on the grounds that: (1) this Court lacks jurisdiction because Plaintiff failed to administratively exhaust the tort claims at issue; and (2) Plaintiff failed to state a claim for negligence under the FTCA.  (Doc. 12 at pp. 6-7, 11, 16).

Defendant argues that Plaintiff must first present his FTCA claim to the appropriate federal administrative agency and wait for that agency to decide the claim before filing suit.  (Id. at p. 6) (citing 28 U.S.C. § 2675(a)).  Specifically, Defendant asserts that Plaintiff has not filed any tort claims since his incarceration. (Id. at p. 7; Doc. 13, p. 1).  As a result, Defendant contends Plaintiff did not satisfy

the FTCA's administrative exhaustion requirement prior to commencing the instant action, and its motion dismissing the action should be granted. (Doc. 12, p. 7).

"As a sovereign, the United States is immune from suit unless it consents to be sued." White-Squire v. United States Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The sovereign's consent "must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The FTCA provides a limited waiver of the United States' sovereign immunity. Lay v. United States, 2011 U.S. Dist. LEXIS 46715, *7 (M.D. Pa. 2011) (Caputo, J.). "Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). "'[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended.'" White-Squire, 592 F.3d at 456.

Section 2675(a) of the FTCA provides, in pertinent part, that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or

registered mail....

28 U.S.C. § 2675(a). In accordance with United States Supreme Court precedent, the Third Circuit Court of Appeals has held that claimants advancing an FTCA claim must first exhaust their administrative remedies prior to invoking the judicial process. Shelton v. Bledsoe, 2015 U.S. App. LEXIS 253, *33 (3d Cir. Jan. 7, 2015); see 28 U.S.C. § 2675(a).

The administrative exhaustion requirement found in section 2675(a) is jurisdictional and cannot be waived. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971). Further, the plaintiff advancing an FTCA claim bears the burden of establishing that a proper administrative claim has been presented and decided prior to the institution of his action in federal court. Hoffenberg v. United States, 504 F. App'x 81, 83 (3d Cir. 2012). The United States Supreme Court, in deciding the timeliness of an FTCA claim, held that "the normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence'" and that the "most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." McNeil v. United States, 508 U.S. 106, 112 (1993).

Here, Plaintiff's claim commenced on March 31, 2014, when he filed the above captioned action. (Doc. 1). Thus, to satisfy the jurisdictional prerequisite

found in section 2675(a), Plaintiff must establish that he not only presented his administrative claim to the appropriate Federal agency, but also received a final denial of that claim prior to the commencement of his action. 28 U.S.C. § 2675(a). Plaintiff does not allege that he has availed himself of, let alone exhausted, available administrative remedies. See (Docs. 1, 12, 13). Consequently, even taking the allegations in Plaintiff's complaint as true, the record before this Court is devoid of any evidence that he satisfied section 2675(a) prior to invoking the judicial process.

Additionally, Defendant asserts that Plaintiff has not, and cannot establish that he filed an administrative tort claim of any kind since his incarceration. (Doc. 12, Exhibit 1 at p. 2). Defendant supports this assertion with a declaration under the penalty of perjury by Klett, which states that a search for administrative tort claims filed by Plaintiff was conducted on July 3, 2014. (Id.). According to Klett, records show that Plaintiff has not filed any tort claims since his incarceration. (Id.). Plaintiff has failed to dispute this declaration.

As is apparent from these undisputed facts, Plaintiff failed to carry the burden of establishing that he filed an administrative claim and received a final determination prior to the commencement of this action. (Doc. 12, Exhibit 1 at p. 2). Therefore, his FTCA claim is unexhausted, and this Court is without subject-

matter jurisdiction to rule on his claims. <u>McNeil</u>, 508 U.S. at 111-12; <u>Miller v. United States</u>, 517 F. App'x 62, 63 (3d Cir. 2013). As such, Defendant's motion will be granted, and Plaintiff's complaint will be dismissed.

**<u>Conclusion</u>**

Plaintiff failed comply with the administrative exhaustion requirement in section 2675(a) prior to the commencing his FTCA claim. As a result of Plaintiff's failure to satisfy this jurisdictional prerequisite, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted. Because subject-matter jurisdiction is lacking, the remaining arguments presented in Defendant's motion will not be addressed.

A separate Order will be issued.

|  |  |
|---|---|
| **Date:** February 13, 2015 | <u>/s/ William J. Nealon</u><br>**United States District Judge** |